## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

DOUGLAS C. MYERS

     Plaintiff

     v.

CFG COMMUNITY BANK

     Defendant

Civil Action No. CCB-16-3098

## MEMORANDUM

Plaintiff Douglas C. Myers, a resident of Towson, Maryland, filed the instant action on September 8, 2016.   The complaint concerns a foreclosure proceeding against Myers that resulted in the sale of properties located at 5734 and 5800 Emory Road in Upperco, Maryland. (Compl. 1–2, 5, ECF No. 1).   According to Myers, federal question jurisdiction exists.   Myers seeks, *inter alia*, a declaratory judgment that the foreclosure sale, dated February 23, 2011, is void and a permanent injunction prohibiting CFG Community Bank and/or its assigns from taking further action which may "affect title to these properties." (*Id.* 6–7).   The complaint must be dismissed for lack of jurisdiction.

### Background

Myers provides the following information in support of his claim.   On May 17, 2006, Myers executed a promissory note in the amount of $800,000 with AmericasBANK (AB) for the two properties.   On January 30, 2008, Ronald B. Katz, Substitute Trustee, filed a foreclosure action on behalf of AB. (*Id.* 1–2).

In February 2008, AB proposed loan modification and termination of the foreclosure action if Myers provided additional security from Mt. Oak Estates, LLC.   On March 4, 2009,

Myers and AB entered into a deed of trust modification agreement and a loan modification agreement; the latter cured the default and reinstated the loan under modified terms and conditions. The loan modification agreement mentions the foreclosure action. The deed of trust modification agreement, which does not reference the foreclosure action, was recorded in Baltimore County land records. (*Id.* 2). According to Myers, these documents supersede the original note and deed of trust on the properties. The assets of AB, including the note, were acquired by CFG Community Bank in November of 2009. (*Id.* 3).

On August 16, 2010, Myers filed a Chapter 13 Voluntary Petition in U.S. Bankruptcy Court. Case No. 10-28695 (Bankr. Md.). In that petition, Myers noted that his mailing address was 5732 Emory Road, Upperco, Md., 21155. (Compl. 3; Exhibit C, ECF No. 1-4). On August 19, 2010, the Bankruptcy Court mailed the Notice of Meeting of Creditors to 5734 Emory Road, which is not the mailing address disclosed on the Voluntary Petition. Myers claims he did not receive it. On November 1, 2011, the Bankruptcy Court entered an order dismissing the case for failure to attend the meeting of creditors and lifting the automatic stay. This order was also mailed to the wrong address. (Compl. 3–4; Exhibit D, ECF No. 1-5).

Myers filed a timely motion to reconsider, stating that he did not receive the notice due to the error and noting a new address: P.O. Box 295, Owings Mills, Md., 21117. (Compl. 3; Exhibit E, ECF No. 1-6). The Bankruptcy Court ordered Myers to file an amended motion to reconsider, (*compl.* 3–4), which he subsequently did, (*id.* 4; Exhibit F, ECF No. 1-7). On January 31, 2011, the Bankruptcy Court entered an amended order dismissing the case with prejudice. According to the amended order, Myers "is a serial filer who has abused the bankruptcy process." Reconsideration was denied, and Myers was barred from filing a new case in bankruptcy for a period of 365 days. (Exhibit G, ECF No. 1-8). Myers claims he did not

receive notice of a subsequent order denying reconsideration because it was not sent to his proper address.  (Compl. 5; Exhibit H, ECF No. 1-9).

On February 23, 2011, the properties were sold at a foreclosure sale.  (Compl. 5). Myers claims that, at the time of that sale, the property at 5800 Emory Road was still encumbered by the deed of trust that had been assigned to CFG, and the individual who purchased the properties at the foreclosure sale was not a bona fide purchaser.

The state docket reveals that Myers has filed several unsuccessful motions in the foreclosure action seeking to alter or amend judgment.  On April 8, 2016, the Court of Special Appeals of Maryland affirmed the judgment of the Circuit Court of Baltimore County.  On May 26, 2016, the Court of Appeals of Maryland denied Myers' certiorari request.

<u>Analysis</u>

Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint."  *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp*., 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies *outside* its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  Moreover, the "burden of establishing subject matter jurisdiction is on . . .  the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *see Hertz v. Friend*, 599 U.S. 77, 96 (2010).

According to Myers, this case presents a federal question, for two reasons. First, he claims his federal due process rights were violated because an order, issued by the United States Bankruptcy Court for the District of Maryland on February 14, 2011, that denied his motion to

reconsider dismissal of his voluntary bankruptcy petition was sent to the wrong address.  Second, jurisdiction is proper because the case concerns "wrongful foreclosure," the plaintiff claims. This second basis for jurisdiction appears to relate to the plaintiff's contention that the foreclosure sale was held in violation of an automatic stay.  (*See* compl. 1, 3, 5, 6).

Foreclosure actions brought under state law generally do not give rise to a federal question and are not a sufficient basis for subject matter jurisdiction.  *See McNeely v. Moab Tiara Cherokee Kituwah Nation Chief,* 2008 WL 4166328 (W.D. N.C 2008) (nothing in "simple foreclosure action of real property . . . suggests the presence of a federal question"). Where the essence of a complaint concerns a foreclosure action, this may remain true even if the plaintiff asserts a due process violation.  *See Smith v. Nationstar Mortgage, LLC*, 2015 WL 9581802, at *4 (D. Md. Dec. 29, 2015) (dismissing case challenging foreclosure proceeding for lack of subject matter jurisdiction despite due process claim); *El v. Holland*, 2012 WL 2394830, at *1–2 (W.D. N.C. June 25, 2012) (same, where plaintiff claimed wrongful eviction without due process).  The alleged due process violation here is insufficient to establish jurisdiction.  *Cf. Bell v. Hood*, 327 U.S. 678, 682–3 (1946) (noting a suit "may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution . . . clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous").

The complaint must be dismissed for lack of jurisdiction.

A separate order follows.

Date: <u>9/16/16</u>                          <u>                    /S/                    </u>
                                                                Catherine C. Blake
                                                                United States District Judge